931 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John David MOSS, Defendant-Appellant.
 No. 90-7350.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided April 24, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CA-90-246-R; CR-89-21-R)
 Boyd A. Tackett, Jr., Conway, Ark., for appellant.
 Karen Breeding Peters, Assistant United States Attorney, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 John David Moss appeals the district court's dismissal of his 28 U.S.C. Sec. 2255 motion. Because Moss's appeal lacks merit, we affirm.
 
 
 2
 Moss raises two claims in his Sec. 2255 motion. First, he claims that he never waived his right to be prosecuted in the Danville Division of the Western District of Virginia, the location where he committed the offenses in question. We find this claim without merit. We note initially that any error of the type complained of here is not subject to collateral attack under Sec. 2255 unless it constitutes a fundamental defect which inherently results in a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979). It is clear that no such showing has been made here. Moreover, even if we were to review the claim, it was properly dismissed on the merits. First, the record reveals that Moss waived his right to challenge venue by not raising the issue in a timely manner, as required by Fed.R.Crim.P. 12(b)(2). In addition, "absent a showing that the district court either abused, or failed to exercise, its discretion, when a federal judicial district has been carved into divisions, an accused has no right to trial in a particular division, even one where the offense occurred." United States v. Truglio, 731 F.2d 1123, 1130 (4th Cir.), cert. denied, 469 U.S. 862 (1984). Therefore, even if no waiver occurred, Moss has not shown that the district court abused, or failed to exercise, its discretion by not holding his trial in the Danville Division of the Western District of Virginia.
 
 
 3
 Moss's second claim is that his sentence should have run concurrently with a previously imposed sentence. However, multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently. 18 U.S.C. Sec. 3584. Therefore, because the district court did not order Moss's sentences to run concurrently with his previously imposed sentence, Moss's second claim is also without merit.
 
 
 4
 In conclusion, we affirm the district court's dismissal of Moss's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.